O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| DAVID CHAVEZ,<br><br>              Plaintiff,<br><br>     v.<br><br>FCA US LLC et al.,<br><br>              Defendants. | Case № 2:19-cv-06003-ODW (GJSx)<br><br>**ORDER GRANTING MOTION TO REMAND [12]** |

## I.    INTRODUCTION

On June 3, 2019, Plaintiff David Chavez ("Chavez") filed this action in the Superior Court of California, County of Los Angeles. (Notice of Removal ("Notice") ¶ 1, Ex. A ("Compl."), ECF No. 1.) Defendant FCA US LLC ("FCA") removed the matter based on alleged diversity jurisdiction. (Notice ¶ 7–16.) Chavez moves to remand. (Mot. to Remand ("Mot."), ECF No. 12.) The Court finds that it lacks subject matter jurisdiction and **REMANDS** this action to state court.[1]

## II.    BACKGROUND

This is a Song-Beverly Consumer Warranty Act ("Song-Beverly") action concerning a 2016 Jeep Cherokee ("Vehicle"). (Compl. ¶ 5.) Chavez alleges that FCA or its representatives failed to conform the Vehicle after a reasonable number

---

[1] After considering the papers filed in connection with the Motion to Remand, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

attempts. (Compl. ¶ 13.) On June 3, 2019, Chavez filed this action in the Superior Court of California, County of Los Angeles, Case No. 19STCV19532. (Notice at 1.) Chavez asserts causes of action against FCA under Song-Beverly. (Mot. 1; *see* Compl. ¶¶ 15–35.) After FCA removed the case on the basis of diversity jurisdiction, Chavez moved to remand. (Mot. 1.)

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount-in-controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n.*, 479 F.3d 994, 998 (9th Cir. 2007). Moreover, the removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

### IV. DISCUSSION

When a complaint, as here, does not identify damages with specificity, a defendant seeking to remove the case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied. *Sanchez v. Monumental Life Insurance Company*, 102 F.3d 398, 404 (9th Cir. 1996). For the reasons below, the Court concludes that FCA has not met this burden.

**A. Actual Damages Under the Song-Beverly Consumer Warranty Act**

Actual damages under Song-Beverly are the "amount equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The reduction is based on the number of miles the buyer has driven prior to the first attempted repair. *Id*.

Here, FCA submits the Retail Installment Sale Contract ("Sale Contract") which lists the total cash prices of $21,930. (Suppl. Decl. of Tammi Hammond ("Suppl. Hammond Decl."), Ex. A ("Sale Contract"), ECF No. 14-2). Also included are other fees, registration, and vehicle license fees that total $251. (Sales Contract.) Chavez also agreed to pay 9.5% interest beginning on June 23, 2016 and continuing until May 23, 2022, accordingly, the total finance charge is $7,692.78. (Sales Contract.) Additionally, Chavez damages include sales tax of $1,980.90. (Sales Contract.) Thus, the total amounts to $31,854.68. However, according to a June 28, 2016, repair order provided by FCA, the Vehicle had 1,499 miles at the time of repair. (Decl. of Tammi Hammond ("Hammond Decl."), Ex. C ("Repair Order"), ECF No. 13-4.) Accordingly, a mileage offset of $397.92 is appropriate. (Suppl. Opp'n to Mot. ("Suppl. Opp'n") 1, ECF No. 14.) Therefore, FCA asserts that Chavez's actual damages amount to $31,456.76.

Not so. Foremost, the Sale Contract does not necessarily reflect the amount-in-controversy. Here, Chavez requests restitution for all money paid to FCA; yet, FCA fails to indicate an amount of payments made. (Compl. ¶ 33); *Lopez v. FCA US LLC*, No. 2:19-CV-07577-RGK (MRWx), 2019 WL 4450427, at *1 (C.D. Cal. Sept. 16, 2019) (stating that "[w]ithout this information, the Court is left with considerable doubt as to the amount-in-controversy."). Additionally, FCA attempts to offset the Vehicle mileage using a dated repair order that occurred a month after Chavez purchased the Vehicle and almost three years before Chavez brought suit in state court. (Repair Order.) Consequently, the court finds that FCA has not established by a preponderance of the evidence that Chavez's actual damages amount to $31,854.68.

### B. Civil Penalty Damages are Uncertain

If a court determines that a defendant's failure to comply with the terms of the Act is willful, a successful Song-Beverly plaintiff is entitled to recover civil penalties of up to twice the amount of the actual damages. Cal. Civ. Code §§ 1794 (c). If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain. *See Edwards v. Ford Motor Co.*, No. 16-cv-05852 BRO (PLAx), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016)

A civil penalty is applicable only if a court determines that a defendant's failure to comply with the Act is willful. Cal. Civ. Code §§ 1794(c). FCA has not offered any evidence to support such an award, and thus, the Court is unable to determine what civil penalties might be imposed. *Lopez*, 2019 WL 4450427, at *2; *see also Eberle v. Jaguar Land Rover N. Am., LLC*, No. 2:18-CV-06650-VAP (PLAx), 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (collecting cases).

### C. Attorney' Fees

Attorneys' fees are "costs and interests" within the definition of the Act, and are therefore, excluded from the calculation. *Lopez*, 2019 WL 4450427, at *2 (collecting authorities). Moreover, even if the court was to consider future attorneys' fees in the amount in controversy, the Ninth Circuit held that a "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). Here, FCA merely states that "the amount in controversy—which is above $75,000 even without attorneys' fees—only increase . . . the amount in controversy." (Opp'n to Mot. ("Opp'n") 8–9., ECF No. 13.) Without more, the Court finds that FCA has failed to satisfy the burden of proof necessary to include attorneys' fees in the amount in controversy.

Ultimately, the Court finds that FCA has not satisfied its burden of demonstrating by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. Therefore, the Court lack jurisdiction and

**GRANTS** Chavez's Motion.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Chavez's Motion to Remand. (ECF No. 12.) The Court **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 19STCV19532. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

January 27, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**